[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiffs bring this action in several counts seeking compensatory and treble damages claiming that defendants, through the improper use of executions collected $2,598.78 in excess of their judgment debt.
At trial, defendants conceded that they collected $1,000 more than they were owed but contend that this resulted from the plaintiff, Edward Soufer d/b/a 500 Chase Realty, paying the wrong person.
From the evidence presented at hearing, the court makes the following findings and draws the following conclusions.
The plaintiffs and the defendant, Nettco, Inc., entered into a contract for renovations to plaintiffs' Waterbury property. Thereafter a dispute arose between them regarding the money owed defendant by plaintiffs. Pursuant to their contract, the matter was heard by an arbitrator who awarded the defendant, Nettco, Inc., the sum of $11,916.68 as against Phoenix Internal Medicine Associates and the sum of $3,825.91 as against Edward Soufer d/b/a 500 Chase Realty. On October 26, 1998, the award was confirmed by the court. Prior to such confirmation the defendant, Nettleton, who is not an attorney, without advise or assistance of counsel, and in his haste to obtain satisfaction of the debts owed his company, the defendant Nettco, Inc., prematurely sought and obtained executions from the court.
At the request of the plaintiff, Phoenix Internal Medicine Associates and at some expense to it, both executions were revoked before any funds were collected. In obtaining the revocations, Phoenix incurred legal expenses totaling $675 which amount is found to be reasonable and will be awarded.
Plaintiffs also claim damages in their complaint for slander of title caused by defendants' failure to seasonably release a mechanics lien encumbering their realty. That claim, however, was CT Page 1659 expressly abandoned at trial. Nonetheless, plaintiffs seek an award of attorneys' fees. In light of the abandonment, the court finds no authority to make such an award.
On the third count of their complaint, plaintiff, Edward Soufer, d/b/a 500 Chase Realty, claims "that the defendants executed a third execution against [it], collecting the sum of $2,598.78 despite the fact that the defendants had been paid in full on the arbitration judgment in December of 1998."
While it is clear that after three voluntary payments, the balance of the judgment debt owned Nettco by Phoenix was fully satisfied by execution on December 3, 1998, it is just as clear that the $3,825.91, judgment debt owned Nettco by Edward Soufer was overpaid. The court finds that the following payments were made to satisfy that debt: a payment of $773.06 by 500 Chase Realty to the attorney representing defendants at the time, Attorney Whitehead; a similar payment of $773.06 on October 11, 1998, and a payment of $1,000 to Attorney Whitehead by 500 Chase Realty on December 3, 1998, satisfying the debt in full. Nevertheless, during the month of January 1999, Nettco's sheriff collected, by way of an execution, the sum of $2,598.78 which is, in total amount, more than the debt owed. Consequently that sum must be returned together with the plaintiff's expenses of $225 incurred as an attorney's fee. Further, since the $2,598.79 should not have been collected in the first instance, interest on said amount will be assessed at the rate of ten percent per annum from January 31, 1999, to the date of this judgment. Connecticut General Statutes § 37-31.
Plaintiff, Soufer argues that there is clear and convincing evidence proving that the defendants committed theft of said $2,598.78 by taking same without color of right or excuse and retaining it without consent of the owner. The court, however, finds that the over collection of the debt resulted from a lack of communication between Nettleton, the defendants' former Attorney, Whitehead, and their present Attorney, Lee, who appeared in the arbitration matter on November 20, 1998. This lack of communication developed, primarily, as a result of difficulties in the attorney client relationship between Nettleton and Attorney Whitehead. Consequently, Nettleton was unaware of any payments made to Attorney Whitehead, on the indebtedness, after October 1998.
Although Nettleton acted inappropriately in his rush to obtain CT Page 1660 payment of the debt owed his company, the court does not find any larcenous intent in the, albeit, improper collection of the $2,598.78. Consequently, the treble damages sought under count four of plaintiffs' complaint will not be awarded.
Accordingly, the court finds the first count of plaintiffs' complaint to have been abandoned and makes no award of damages. As to the second count, the court awards the plaintiff, Phoenix Internal Medicine Associates, $675 damages and as to the third count the court awards the plaintiff, Edward Soufer d/b/a 500 Chase Realty, $2,598.78 damages together with $263.43 interest (calculated from January 31, 1999, through February 4, 2000, together with $225 incurred by plaintiff as a reasonable legal fee, for a total damage award under the third count, of $3,087.21.
The court finds for the defendants on the fourth count.
Whereupon it is adjudged that the plaintiff, Phoenix Internal Medicine Associates recover of the defendants or either of them, $675, and the plaintiff, Edward Soufer d/b/a 500 Chase Realty recover of the defendants, or either of them, $3,087.21.
Judgment enters against the defendants as aforesaid together with statutory costs of suit.
THOMAS G. WEST, J.